IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HOMESTEAD OF MORTON GROVE, LLC, )
et al., )
 )
        Plaintiffs, )
 )
  v. ) No. 12 C 1469
 )
JSSH ARCHITECTS, INC., et al., )
 )
        Defendants. )

## MEMORANDUM ORDER

Homestead of Morton Grove, LLC ("Homestead") and Essex Corporation ("Essex") have brought this action against JSSH Architects, Inc. ("JSSH") and Duffy Engineering & Associates, Inc. ("Duffy"), predicating federal subject matter jurisdiction in terms of diversity of citizenship. This memorandum order is issued sua sponte to require plaintiffs' counsel to flesh out the Complaint's allegations as to one aspect of that claimed jurisdiction.

Complaint ¶¶3, 4 and 5 properly identify the dual aspects of corporate citizenship as to Essex, JSSH and Duffy in accordance with the provisions of 28 U.S.C. §1332(c)(1).[1] But here is what Complaint ¶2 says as to Homestead:

> The Homestead of Morton Grove, LLC ("Homestead") is an Illinois limited liability company with its principal place of business located at 11606 Nicholas Street, Omaha, Nebraska. The members of Homestead are Illinois and Nebraska limited liability companies, the members

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

of which are citizens of either Illinois or Nebraska.

It is obvious from those allegations that plaintiffs' counsel are well aware of the relevant jurisdictional facts where limited liability companies are involved (a subject that has been the topic of repeated teaching from our Court of Appeals, exemplified for instance by <u>Thomas v. Guardsmark, LLC</u>, 487 F.3d 531, 533-34 (7th Cir. 2007)). But because that teaching requires peeling away every layer of the jurisdictional onion, this Court would consider itself remiss if it failed to require counsel to provide the identity and the state of citizenship of each person or entity included within those layers, rather than asking this Court to accept without any supporting details the purely conclusory statement in the last sentence of Complaint ¶2.

Accordingly counsel for Homestead and Essex are ordered to file an Amended Complaint ¶2 (<u>not</u> a full-blown Amended Complaint), setting out the relevant jurisdictional facts on or before March 16, 2012. Because counsel's obvious awareness of the jurisdictional requirements would appear to indicate that the disclosure will confirm the existence of jurisdiction, this Court is contemporaneously issuing its customary initial scheduling order.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 5, 2012